IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　CIV. No. 12-891

FUNDS IN THE AMOUNT OF $194,974.93
FROM BANK OF AMERICA ACCOUNT NO. **7060,

FUNDS IN THE AMOUNT OF $50,571.10
FROM PAYPAL ACCOUNT NO. **2385,

    *Defendants,*

*and*

GILI ASTRAHAN AND
JOSEPH COHEN,

    *Claimants.*

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff states:

JURISDICTION AND VENUE

    1.    This is a civil action *in rem* for forfeiture of defendants which are located in the states of California and Louisiana, but during the pendency of this action are subject to the jurisdiction of this Court.

    2.    The United States District Court for the District of New Mexico has exclusive, original jurisdiction under 28 U.S.C. §§ 1345, 1355 and 1356.

    3.    Venue is proper under 18 U.S.C. § 981(h), 18 U.S.C. § 1964, and 28 U.S.C. §§ 1355 and 1395.

    4.    The "res" or property which is the subject of this action consists of the following

funds:

    a. Funds in the Amount of One Hundred Ninety-Four Thousand Nine Hundred Seventy-Four dollars and Ninty-Three cents ($194,974.93) from Bank of America Account number ending with **7060;

    b. Funds in the Amount of Fifty Thousand Five Hundred Seventy-One dollars and Ten cents ($50,571.10) from Paypal Account number ending with **2385 in the Name of Gili Astrahan and ICellTech Inc;

(hereafter referred to as "Defendant Funds.")

### PARTIES AND CLAIMANTS

5.    The following person(s) may claim an interest in the Defendant Funds:

    (a).    Gili Astrahan c/o Roger J. Rose, Esq., 1801 Avenue of the Stars, Suite 900, Los Angeles, CA 90067;

    (b).    Joseph Cohen c/o Roger J. Rose, Esq., 1801 Avenue of the Stars, Suite 900, Los Angeles, CA 90067;

    (c).    ICelltech, Inc c/o Roger J. Rose, Esq., 1801 Avenue of the Stars, Suite 900, Los Angeles, CA 90067.

### STATEMENT OF FACTS

6.    Sprint Nextel Corporation ("Sprint") is a nationwide provider of wireless communication services. In addition to providing wireless telephone and data service, Sprint

also sells wireless telephones and related equipment. Sprint maintains a nationwide network of retail stores at which customers can purchase Sprint communications services and wireless telephone equipment.

7. When an individual or organization contracts with Sprint for wireless telephone service, a Sprint account is created for that individual or organization. Thereafter, that individual or organization can buy additional phones or services from Sprint and have such items or services billed to their Sprint account.

8. This system is subject to periodic abuse. Account numbers can be stolen and Sprint phones can be fraudulently obtained in any number of ways. Sprint takes steps to combat such fraud. Each cellular telephone, including each Sprint phone, has a unique "Electronic Serial Number" ("ESN"). In order to prevent and deter fraud, when Sprint learns that a phone has been lost, stolen, or obtained by fraud, Sprint essentially "blacklists" the ESN corresponding to that phone, such that the phone can never again be activated on the Sprint network. Such a phone is colloquially known as having a "bad ESN." Although phones can also receive a "bad ESN" designation as a result of non-payment of bills, the vast majority of "bad ESN" phones are the product of theft, loss, or fraud.

9. Despite their inability to be activated on the Sprint network, however, there is still a market for "bad ESN" phones. Such phones can be "flashed" or have their factory settings erased, such that they can be activated on another network, including networks operating overseas.

10. At all times material hereto, Joshua Ferdman (Ferdman), Amir Meir Levi (Levi), Jeffrey P. Contella (Contella) and Joseph Cohen Cohen (Cohen) resided in the greater Los

Angeles area.

11.     Cohen owned and operated ICT Global, Inc. ICT's primary business was the purchase and resale of various type of electronic devices, including cellular phones. ICT maintained a physical storefront in Van Nuys, California, but also sold a significant portion of merchandise through Icelltech, a on-line store hosted by Ebay. The proceeds from the sales of this merchandise were regularly received into Cohen's Paypal Account No. **2385 and from there were regularly transferred to a bank account at Bank of America Account No. **7060 held in the name of ICT Global, Inc.

12.     Between May 8, 2011 and May 26, 2011, in Bernalillo County, in the district of New Mexico and elsewhere, Ferdman, Levi, Contella and Cohen knowingly, unlawfully and wilfully combined, conspired, confederated and agreed with one another and with others to commit the following offenses against the United States, to wit,

    a.     transporting, transmitting and transferring in interstate commerce goods of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud, contrary to 18 U.S.C. § 2314; and

    b.     knowingly and with intent to defraud, using one or more unauthorized access devices during any one-year period, and by such conduct obtaining anything of value aggregating $1,000 or more during that period, contrary to 18 U.S.C. § 1029(a)(2).

13.     Ferdman, Levi, Contella and Cohen sought to accomplish the objectives of the conspiracy included, among other things the following:

    a.     Using unauthorized account numbers, names, and other personal identification information for Sprint customers;

    b.    Traveling to Sprint stores throughout California, Arizona and New Mexico and impersonating an authorized representative of the account holder, both in person and by telephone;

    c.    Purchasing significant quantities of high-value Sprint phones while fraudulently instructing the store clerk that such phones should be billed to the victim account holder thereby obtaining such phones free of charge;

    d.    Shipping the stolen phones via Federal Express from Arizona to co-defendants in California;

    e.    Negotiating prices for the sale and resale of the stolen phones and selling the stolen phones through established business outlets, including ICT Global, Inc.

14.    In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the District of New Mexico, and elsewhere:

    a.    On or about May 10, 2011, Ferdman and Levi fraudulently attempted to obtain cellular phones from a Sprint store in Fullerton, California by impersonating a Sprint account holder;

    b.    On or about May 13, 2011, Ferdman and Levi fraudulently attempted to obtain cellular phones from a Sprint store in Los Angeles, California by impersonating a Sprint account holder;

    c.    On or about May 14, 2011, in furtherance of the conspiracy, Contella rented a Toyota Corolla from a Budget Car Rental outlet in Hollywood, California;

    d.    On or about May 15, 2011, Ferdman and Levi traveled to the San Francisco area

for purposes of fraudulently obtaining cellular phones from Sprint stores in that area;

e. On or about May 15, 2011, Ferdman and Levi fraudulently obtained cellular phones from a Sprint store in Sacramento, California by impersonating a Sprint account holder;

f. On or about May 16, 2011, Ferdman and Levi fraudulently obtained cellular phones from a Sprint store in Folsom, California by impersonating a Sprint account holder;

g. On or about May 21, 2011, through Icelltech, his on-line store hosted by Ebay, Cohen sold a Google Nexus 4G Sprint Samsung Android phone, which had been fraudulently obtained by Ferdman and Levi from a Sprint store in Sacramento, California on May 15, 2011, the proceeds of such sale being received into Cohen's Paypal account;

h. From on or about May 21, 2011 to on or about May 24, 2011, Contella and Ferdman drove the rented Corolla from the Los Angeles area to various Sprint stores in Arizona and New Mexico for purposes of fraudulently obtaining Sprint smartphones;

i. On or about May 22, 2011, through unauthorized use of a Sprint customer account number, Ferdman, Contella and Levi fraudulently obtained 10 HTC Evo A9292 smartphones from a Sprint store in Yuma, Arizona;

j. On or about May 23, 2011, Levi sent U.S. currency by Western Union to Ferdman and Contella in Arizona;

k.  On or about May 24, 2011, Ferdman sent a an unknown quantity of stolen cell phones from the Tucson, Arizona area to Levi in Encino, California via Federal Express;

l.  On or about May 25, 2011, Levi accepted the Federal Express delivery of stolen phones from Ferdman and delivered those phones to Cohen to be resold;

m.  On or about May 25, 2011, Cohen sold and received payment for certain stolen phones he received from Ferdman and Levi;

n.  On or about May 25, 2011, in furtherance of the conspiracy, Cohen wrote a check from the ICT Global, Inc. account at Bank of America, in the amount of $4,950 to Contella as payment for the stolen phones delivered by Levi;

o.  On or about May 25, 2011, through unauthorized use of a Sprint customer account number, Ferdman, Contella and Levi fraudulently obtained 13 smartphones of various makes and models from a Sprint store in Albuquerque, New Mexico;

p.  On or about May 25, 2011, through unauthorized use of a Sprint customer account number, Ferdman, Contella and Levi attempted to fraudulently obtain an additional 6 smartphones of various makes and models from a Sprint store in Albuquerque, New Mexico.

15. On March 4th and 5th of 2012, defendant funds were seized.

## CLAIM FOR RELIEF

16. Defendant Property is subject to arrest and forfeiture to plaintiff under 18 U.S.C. § 981(a)(1)(C) because it constitutes or is derived from proceeds traceable to a violation of 18

U.S.C. § 1029.

17. Defendant Property is subject to arrest and forfeiture to plaintiff under 18 U.S.C. § 981(a)(1)(C) because it constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1341.

18. Defendant Property is subject to arrest and forfeiture to plaintiff under 18 U.S.C. § 981(a)(1)(C) because it constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343.

WHEREFORE: Plaintiff seeks arrest of Defendant Property and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimant and any Unknown Claimants to the Defendant Property, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

*/s/ Stephen R. Kotz*

STEPHEN R. KOTZ
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the United States Secret Service who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 08/17/2012

Nicolas Jonte, Special Agent
United States Secret Service